SCOTT B. COHEN, SBA #014377
PATRICK A. CLISHAM, SBA #023154
**ENGELMAN BERGER, P.C.**
2800 NORTH CENTRAL AVENUE, SUITE 1200
PHOENIX, ARIZONA 85004
_____
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: sbc@eblawyers.com
Email: pac@eblawyers.com
_____

Attorneys for Continental Country Club, Inc.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| CONTINENTAL COUNTRY CLUB, INC., an Arizona Nonprofit corporation, | Case No. 3:21-bk-00956-EPB |
| EIN 86-0414438 | |
| Reorganized Debtor. | |

**MOTION FOR FINAL DECREE AND ORDER
CLOSING CASE AND FOR RELATED RELIEF**

Continental Country Club, Inc. (the "Reorganized Debtor") hereby moves this Court for entry of a final decree and order closing this chapter 11 reorganization case and for related relief. In support of this Motion, the Reorganized Debtor states as follows:

**Introduction**

1. On February 9, 2021 (the "Petition Date"), Reorganized Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"). From commencement of the bankruptcy case through Plan confirmation, the Reorganized Debtor operated its business and managed its property as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2. On October 8, 2021, Debtor filed its *Plan of Reorganization dated October 8, 2021* (Doc. 197) and accompanying *Disclosure Statement in Support of Debtor's Plan of*

*Reorganization Dated October 8, 2021* (Doc. 196) (collectively, the "Initial Plan").

3. On November 12, 2021, the Lakeside Legionnaires, a group of homeowners near or adjacent to Lake Elaine, filed the *Lakeside Legionnaires' Objection to the Debtor's Disclosure Statement* (Doc. 217) objecting to their proposed treatment under the Plan.

4. On April 21, 2022, Debtor filed its *Notice of Filing First Amended Plan of Reorganization dated April 21, 2022* (Doc. 317) and *Notice of Filing First Amended Disclosure Statement Dated April 21, 2022 and Related Exhibits* (Doc. 316) (collectively, the "First Amended Plan" and together with the Initial Plan, the "Earlier Plans").

5. On May 5, 2022, the Lakeside Legionnaires' filed their *Objection to the Debtor's First Amended Disclosure Statement* (Doc. 319).

6. Debtor filed its *Response to the Lakeside Legionnaires' Objection to First Amended Disclosure Statement* (Doc. 322) on May 11, 2022.

7. On July 22, 2022, the Lakeside Legionnaires filed their *Objection to the Debtor's First Amended Plan of Reorganization* (Doc. 345).

8. On August 2, 2022, Debtor filed its *Notice of Filing Lake Elaine Design Plan as Supplemental Exhibit to: First Amended Disclosure Statement in Support of Debtor's First Amended Plan of Reorganization Dated April 21, 2022* (Doc. 350).

9. On August 25, 2022, the Lakeside Legionnaires filed their *Supplemental Objection to the Debtor's First Amended Plan of Reorganization Addressing the Design of Water Recreation Area for Class 6 Option B* (Doc. 362).

10. Debtor filed its *Response to the Lakeside Legionnaires' Objection to the Debtors' First Amended Plan of Reorganization* (Doc. 367) on September 9, 2022.

11. On May 10, 2021, Class Representatives filed a proof of claim reflected on the Court claims register as Claim No. 15.

12. Debtor filed an objection to the Claim on August 8, 2022 at Doc. 351.

13. After protracted negotiations, Debtor and the Lakefront Group reached a compromise of all claims arising between them, the terms of which have since been

memorialized in the Settlement Agreement executed between the parties on or about January 12, 2023.

14. On January 31, 2023, Debtor filed *Debtor's Second Amended Plan of Reorganization* dated January 31, 2023 [Doc. 418] (the "Plan").[1]

15. On March 2, 2023, the Court conducted a hearing on the confirmation of the Plan, and Debtor was successful in confirming its Plan.

16. On March 6, 2023, the Court entered the *Amended Order Confirming Debtor's Second Amended Plan of Reorganization* (Doc. 440).

17. On March 6, 2023, the court entered its *Order Approving Compromise* (Doc. 438), thereby granting approval of the Settlement Agreement between Debtor and the Lakeside Legionnaires.

18. On March 6, 2023, in the Lakeside Legionnaires' adversary case, Case No. 3:21-ap-00118, the court entered its *Order Approving the Class Settlement and Judgment* (Doc. 66), which disposed of all claims and entered final judgment, leaving no outstanding matters in the adversary case.

19. On March 15, 2023, Debtor filed its *Notice of Effective Date of Debtor's Second Amended Plan of Reorganization* (Doc. 443), designating March 17, 2023 as the Effective Date of the Plan.

## Substantial Consummation of the Plan

20. The Plan contemplated that the Reorganized Debtor will assume Debtor's business and management of the property dealt with by the Plan, and effectuate its reorganization through a special assessment and increased dues that were approved by a sufficient percentage of Debtor's Members. The Reorganized Debtor is to use the new fees assessed and the ongoing revenues of the Reorganized Debtor's operations to fund its obligations under the Plan.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan.

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

21. The Reorganized Debtor's obligations under the Plan include water feature redesign and restoration in accordance with the Settlement Agreement. The Settlement Agreement sets forth timelines for future final design, filling the water feature, and payments of initial construction costs, annual maintenance, a reserve fund earmarked for cost overruns, and, among other things, a fixed amount paid to the Lakeside Legionnaires to repay the Class for its legal costs. The Reorganized Debtor is prepared to comply with the terms of the Settlement Agreement.

22. Prior to the expiration of the objection period to this Motion (the "Objection Period"), the Reorganized Debtor will have filed all monthly operating reports to and through the Effective Date and its first post-confirmation report through quarter ending March 31, 2023. The Reorganized Debtor anticipates filing a final post-confirmation report within thirty (30) days after the entry of an order granting this Motion and closing the case.

23. The Reorganized Debtor further contemplates that all other matters pending before this Court related to this case will also be resolved prior to the expiration of the Objection Period.

24. The Reorganized Debtor has sufficient funding and will pay all required fees due to the U.S. Trustee.

25. The Reorganized Debtor has no other remaining administrative obligations.

26. Accordingly, the Reorganized Debtor respectfully represents that the Plan has been substantially consummated.

**Request for Relief**

Bankruptcy Rule 3022 provides that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." The Bankruptcy Code does not define "fully administered," however, the Advisory Notes provide the following guidance:

> Entry of final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed.

ENGELMAN BERGER, P.C.
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future…

Fed. R. Bankr. P. 3022 advisory committee's note (1991 amendment). *See e.g.*, *In re Mold Makers*, *Inc.*, 124 B.R. 766 (Bankr. N.D. Ill. 1990; *In re Jordan Manufacturing Co.*, *Inc.*, 138 B.R. 30 (Bankr. C.D.Ill. 1992); *In re Jay Bee Enterprises*, *Inc.*, 207 B.R. 536 (Bankr.E.D. Ky. 1997). In applying the six (6) factors articulated in the Advisory Notes, courts have noted that "[t]he nature of these considerations calls for a flexible, case-by-case evaluation of a number of procedural and practical factors." *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (citing *In re Union Home & Indus.*, *Inc.*, 375 B.R. 917, 917 (B.A.P. 10th Cir. 2007)). Moreover, "[t]he factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered." *Union Home & Indus.*, *Inc.*, 375 B.R. at 917 (citing *In re Mold Makers*, *Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990)); *see also In re Rebel Rents*, *Inc.*, 326 B.R. 791, 803 n.19 (Bankr. C.D. Cal. 2005) ("However, all of the factors in the Committee Note need not be present before the court will enter a final decree.")

Applying these six (6) factors to the case at hand supports that a Final Decree may be entered at the conclusion of the Objection Period. All claim distributions required by the Plan have either been made, or are on a timeline for payment under the Plan, and required payments, if applicable at this time, have commenced. All Allowed Administrative Claims have been paid. The Reorganized Debtor is operating the homeowners association and Club as provided

for in the Plan. In sum, the Plan has been substantially consummated and the estate has been fully administered. The fact that certain of the Reorganized Debtors obligations under the Plan are not yet matured or been satisfied should not prevent the Court from entering a final decree.

WHEREFORE, based on the foregoing, it is respectfully requested that this Court enter a final decree and order (1) closing this case; (2) reserving jurisdiction to resolve any matters related to this case as provided in the Plan; and (4) granting such further and other relief as may be appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 11th day of May, 2023.

**ENGELMAN BERGER, P.C.**

By: */s/ Patrick A. Clisham, SBA # 023154*
Scott B. Cohen
Patrick A. Clisham
2800 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
*Attorneys for Reorganized Debtor*

**COPY** of the foregoing transmitted via the Court's ECF system to all parties of record, and e-mailed this 11th day of May, 2023, to the following parties **and posted to Debtor's web portal for homeowners.**

Larry L. Watson
OFFICE OF THE U.S. TRUSTEE
Email: larry.watson@usdoj.gov

J. Richard Hull
Email: jrichard3@msn.com
*Requester of notice of post-confirmation matters*

*/s/ Lydia K. Miller*
Lydia K. Miller